PEOPLE *vs.* THOMAS SUMNER.

1. An information for obtaining money by false pretences should set forth the transaction so as to show how the making of the alleged false representation operated as a fraud to induce the payment.

2. But on a motion in arrest of judgment the objection is not available if the offence is charged in the language of the statute.

*Bay Circuit, December,* 1869.

*Isaac Marston,* Prosecuting Attorney.

*Peck & Clark,* Attorneys for Respondent.

Information for obtaining money by false pretences. Motion to arrest judgment.

The information states that the respondent, at the time and place stated, " falsely and feloniously pretended to Geo. Weather by that he, the respondent, was the owner of a certain described parcel of land, and that he would sell to Weatherby the black-ash timber thereon standing and growing; by means of which said false pretences said respondent did then and there designedly and feloniously obtain from the said Geo W. $79.28 of his money, with intent then and there to cheat and defraud him : whereas in truth and in fact said Sumner did not own said lands, and had no right to sell the black ash or any other timber thereon standing."

*By the Court*, SUTHERLAND, J.—It is contended in behalf of the respondent in arrest of judgment :

1st. That the information should state the sale or bargain by which the money was obtained, and the circumstances show ing how the pretence of ownership contributed to induce the payment. A similar objection was made in *Commonwealth vs Strain* (10 *Met.*, 521), and was held fatal, and the judgment was arrested. The Court distinctly held that when the alleged false pretences were injurious only by inducing another person to buy the article as to which such false representations were made, such sale or offer for sale must be set out as part of the facts relied upon, and as a material allegation in the description of the offence.

But the point is not available in this State in arrest of judgment where, as in this case, the offence is stated in the words of the statute. The statute provides that when the offence has been created by any statute, or the punishment of such offence has been declared by any statute, the indictment shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describe the offence in the words of the statute. § 6059, *C. L.*

2. It is secondly objected that the pretences are not stated to have been knowingly and designedly made. That precise statement is not required. The information must state that the accused party did *designedly* obtain money by means of a false pretence, with intent to cheat or defraud. This description of

the offence imports that the respondent knew the pretence to be false, and in that sense the proof must establish it.

The case of *Regina vs. Philpotts*, 1 *Car. & Ker.*, 112, is not opposed to this view. The indictment in that case was defective according to this test. The same may be said of *Regina vs. Henderson*, 1 *Car. & Marsh*, 328.

3. It is thirdly objected that one of the alleged false pretences is that the defendant *would sell* the black-ash timber, and it was not a representation of an existing fact.

The statement in question is not a statement of a pretence, but an offer based on the preceding pretence of ownership.

4. The objection that the information does not correspond with the complaint is not well taken. The offence is particularly stated in the complaint, and a comparison of it with the information fully establishes the identity of the charge.

Motion denied.